TORGER OAAS
ATTORNEY AT LAW
618 West Main; Suite 201
Post Office Box 76
Lewistown, Montana 59457
(406) 538-2338
oaaslaw@midrivers.com
Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| DANIELLE AFFOLDER, | CV-20-49-GF-BMM |
| Plaintiff, | |
| | **COMPLAINT** |
| vs. | |
| CENTRAL MONTANA MEDICAL CENTER, INC., | |
| Defendant. | |

**Plaintiff Alleges**

1. Plaintiff, Danielle Affolder, is a citizen of the State of Montana and resides in Fergus County, Montana.

2. Defendant Central Montana Medical Center, Inc. (CMMC) is a corporation that is located in Lewistown, Montana.

3. This court has subject matter jurisdiction under the Family Medical Leave Act, specifically 29 U.S.C. §2617(a)(2).

-1-

4. Both Plaintiff and Defendant were covered by the Family Medical Leave Act.

5. Danielle Affolder was employed as a Certified Occupational Therapy Assistant at CMMC.

6. On November 8th, 2019, Danielle Affolder was injured at work and filed an Employee's First Report of injury.

7. Danielle Affolder's claim was accepted as compensable.

8. When a CMMC employee is injured on the job, that employee can participate in a return to work program (RTWP) established by CMMC. This program allows a CMMC employee to continue to work at CMMC for up to 90 days on what is called a TEP or temporary transitional employment plan.

9. Danielle Affolder was deemed eligible to participate in the RTWP starting on 11/20/2019 and ending on 2/12/2020.

10. On 12/2/2019, CMMC took the position that Plaintiff had requested 12 weeks of leave under the FMLA despite the fact that she had already been accepted into the RTWP and continued to work continuously after 12/2/2019 until she was terminated on March 27, 2020.

11. On February 12th, 2020, despite the fact that Danielle Affolder had been working continuously since her injury, CMMC notified Danielle Affolder in writing that her 12 week leave under FMLA had been exhausted.

12. Additionally, CMMC notified Danielle Affolder that she would be allowed to continue working until a return to work physical assessment was completed. This assessment was to be arranged by CMMC's Workers Compensation carrier.

13. This assessment was scheduled with Dr. John Vallin on May 1st, 2020 and Danielle Affolder was assured in writing that she could continue working until then.

14. However, on March 27th, 2020, more that one month before her scheduled return to work assessment, Plaintiff was terminated.

15. As justification for this termination, CMMC arbitrarily assigned Danielle Affolder to work in the laundry knowing that her work injury accommodations would not allow her to perform the tasks required of laundry employees.

As expected by CMMC, Danielle Affolder's treating physician signed a medical assessment form indicating Danielle Affolder could continue to work as a Certified Occupational Therapy Assistant, but not a laundry worker. Based upon this statement, Danielle Affolder was terminated.

16. At the time of her termination, Danielle Affolder was eligible for up to 12 weeks of leave under the FMLA and protected by FMLAs return to work protections.

17. As set forth herein, CMMC interfered with the lawful use of Danielle Affolder's rights under FMLA.

Plaintiff asserts that this Court has supplemental jurisdiction under 28 U.S.C. 1367(a) of the state claim alleged below:

**Plaintiff alleges:**

1. The same factual allegations as set forth in ¶¶ 1-18 of her complaint.

2. Under 39-71-317(1), a Montana employer may not use as grounds for terminating a worker the filing of a claim under this chapter.

3. Danielle Affolder alleges that CMMC interfered with her FMLA rights and transferred her to a position that CMMC knew she could not perform while misrepresenting her employee status. CMMC then terminated her in violation of 39-71-317(1), MCA.

## Relief Requested

1. For judgment against CMMC for all relief allowed under the FMLA, including Plaintiff's attorney fees.

2. For all damages allowed for a violation of 39-71-317(1), MCA including damages for emotional distress..

3. For costs of suit.

4. For such other relief as the Court deems proper.

DATED this 16th day of June, 2020.

/s/ Torger Oaas
TORGER OAAS
Counsel for Plaintiff